IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Susan Woodard, | ) | C/A No.: 0:12-446-CMC-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Levert Lane, Aldi Incorporation, and Brian Hammond, | ) | |
| Defendants. | ) | |

Susan Woodard ("Plaintiff"), proceeding pro se and in forma pauperis, brought this employment discrimination suit against her employer, Aldi Incorporation ("Aldi"), Aldi store manager Levert Lane, and former[1] Aldi district manager Brian Hammond (collectively "Defendants"). Defendants are represented by the same counsel ("Counsel"). Plaintiff alleges claims of discrimination, which are construed as brought pursuant to (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and (2) the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA").

This matter comes before the court on the following motions: (1) defendant Lane's and defendant Hammond's motions to dismiss [Entry #67, #73, respectively]; and (2) Plaintiff's motion for summary judgment [Entry #71]. The court issued orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on July 13, 2012 and July 19, 2012

---

[1] It appears that Hammond is no longer an Aldi district manager, as his own briefing refers to him as a "former district manager." [Entry #73-2 at 2].

notifying Plaintiff of the dismissal procedure and possible consequences if she failed to adequately respond to the motions to dismiss [Entry #69, #76]. Plaintiff has failed to file responses to the motions, although she filed her own motion for summary judgment. Defendants filed a response to Plaintiff's motion for summary judgment on August 15, 2012 [Entry #83]. These matters are now ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district judge grant Lane's and Hammond's motions to dismiss and deny Plaintiff's motion for summary judgment.

I.   Factual and Procedural Background

On February 16, 2012, Plaintiff filed a complaint against Aldi and Lane alleging that they had discriminated against her based on her national origin (Vincentian) and her alleged disability. [Entry #1]. On March 21, 2012, Plaintiff filed a motion to amend the complaint [Entry #20] to add Hammond as a defendant, and the court granted the motion on March 23, 2012 [Entry #23]. Specifically, Plaintiff has set forth the following allegations against Defendants in her amended complaint:

> After I received a work related injury my physician placed me on restricted duty. Mr. Levert Lane; Aldi Incorporation refused to make accomodations to allow me restricted duty whereas, on two prior occasions they provided accomodations for two of my American co-workers who were placed on restricted duty by their doctors. Instead I was placed on leave of absence without pay. Because of the Defendants discriminatory actions I have suffered lost wages, emotional stress and medical expenses.

[Entry #25-1].

Because Plaintiff is proceeding in forma pauperis, the court ordered the United States Marshal Service ("USMS") to effect service of process using the information and addresses Plaintiff provided. [Entry #16, #38]. On March 26, 2012, Aldi was served via certified mail at its corporate office located at 1200 North Kirk Road, Batavia, Illinois 60510. [Entry #33]. Counsel filed an answer on Aldi's behalf on April 30, 2012. [Entry #42].

On June 15, 2012, the Clerk's office docketed an executed return of service that purports to indicate that "Vickie Nelson – Reception" accepted service on Lane's behalf at the address for Aldi's corporate office. [Entry #54]. After Counsel learned of the docket entry regarding service on Lane, he filed a motion to dismiss on Lane's behalf on July 13, 2012 in lieu of an answer. [Entry #67]. *Id.* Similarly, on July 9, 2012, the Clerk's office docketed an executed return of service for Hammond purporting that "Vickie Nelson – Reception" accepted service on Hammond's behalf. [Entry #64]. Counsel filed a motion to dismiss in lieu of an answer on Hammond's behalf on July 18, 2012. [Entry #73]. The grounds for both Lane's and Hammond's motions to dismiss are that they have not been properly served and they cannot be liable as individuals under Title VII or the ADA.

II. Discussion

   A. Lane's and Hammond's Motions to Dismiss

      1. Standard of Review

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b). This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the

court must liberally construe a pro se complaint, the United States Supreme Court has made clear that, under Fed. R. Civ. P. 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

    2.    Analysis

        a.    Service of Process

Lane and Hammond argue that they have not been properly served because the returns indicate that a receptionist at Aldi's corporate office accepted service. Lane and Hammond argue that neither Aldi nor its employees were authorized to accept service for them as individuals. As Plaintiff has sued Lane and Hammond individually, she must serve them individually. Pursuant to Fed. R. Civ. P. 4(e), service on an individual must be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located" or "by delivering a copy of the summons and of the complaint to the individual personally[,]. . . leaving a copy of each at the individual's dwelling . . . or delivering a copy . . . to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1), 4(e)(2).

Here, although the USMS was responsible for effecting service to the extent possible, the USMS is only to attempt service at the address provided by Plaintiff.

5

Plaintiff was specifically and repeatedly warned: "Plaintiff must provide, and is responsible for, information sufficient to identify defendants on the Forms USM-285. The United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to this case." [Entry #10, #16, #38]. Plaintiff provided information insufficient for the USMS to identify and effect proper service on Lane and Hammond. In addition, Plaintiff has failed to respond to the motions to dismiss to show good cause for her failure to provide sufficient information to allow the USMS to effect service. Therefore, the undersigned recommends dismissing defendants Lane and Hammond pursuant to Fed. R. Civ. P. 12(b)(5) for failure to effect service of process.

        b.        Individual Liability

Even if Plaintiff were able to show good cause for failure to effect service or otherwise be granted additional time to effectuate proper service, it would be futile because individuals cannot be held liable under Title VII or the ADA. Plaintiff's amended complaint alleges Lane and Hammond violated the ADA and discriminated against her based on her national origin and disability. Because neither Title VII nor the ADA provides for actions against individual defendants for violation of its provisions, it is recommended Lane and Hammond be dismissed for Plaintiff's failure to state a claim upon which relief can be granted against them. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *see also Mikkelsen v. DeWitt*, 141 Fed. Appx. 88, 91 n. * (4th Cir. 2005) (noting that employees are not liable in their individual capacities for Title VII violations).

B.  Plaintiff's Motion for Summary Judgment

1.  Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

2. Analysis

The undersigned notes at the outset that Defendants oppose Plaintiff's motion for summary judgment as premature because the parties had not engaged in any discovery at the time the motion was filed. [Entry #83 at 8]. The undersigned agrees. "[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). The Fourth Circuit Court of Appeals has overturned summary judgment awards as premature in cases where there has been little to no discovery. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (deeming summary judgment award premature where, inter alia, court made its award only six weeks after complaint was filed, before significant discovery). The July 25, 2012 scheduling order in this case provides for a discovery deadline of December 27, 2012. [Entry #78]. According to their discovery report, Defendants anticipate serving third-party subpoenas to Plaintiff's medical providers and taking Plaintiff's deposition. [Entry #91]. Therefore, the undersigned recommends summary judgment be granted on the ground that Defendants have not had the opportunity to discover information essential to their opposition. Further, because there are obvious disputes of fact, the undersigned addresses a few examples that would preclude summary judgment for the Plaintiff on the record before the court.

a. Plaintiff's Title VII claim

Plaintiff alleges she was discriminated against in violation of Title VII on the basis of her national origin. Because Plaintiff lacks any direct evidence of discrimination, she

proceeds on the indirect evidence burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). Plaintiff has the initial burden to establish a prima facie case by the preponderance of the evidence by showing that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) her position remained open or was filled by a similarly-qualified person outside the protected class. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir.2004) (en banc). If Plaintiff establishes the prima face case, the burden then shifts to Defendant "to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.*

    Defendant argues that an issue of fact exists with regard to whether Plaintiff was performing her job duties at a level that met her employer's legitimate expectations. [Entry #83 at 15]. For instance, although Plaintiff was employed as a cashier, her doctor indicated in February 2011 that she was restricted to "light duty–limited use of left arm, no repetitive use of left arm. No register work until next appointment." [Entry #83-7 at 2]. While Plaintiff argues that she had other duties in addition to operating the register, the parties dispute the extent to which her job required her to operate a register and whether her limitations concerning her left arm allowed her to perform her other duties like cleaning the store and stocking the shelves. Additionally, Plaintiff's doctor indicated that she was unable to work at all beginning September 24, 2011, and neither Plaintiff nor her doctor has indicated that her status has changed. [Entry #83-7 at 6–10]. Therefore,

9

Plaintiff has not shown, and Aldi specifically disputes, that she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action.

b.  Plaintiff's ADA claim

With regard to her ADA claim, Defendants argue that Plaintiff has not met her burden of proving a prima facie case. Specifically, Defendants dispute (1) that Plaintiff is a qualified individual under the ADA; (2) that Plaintiff is disabled under the ADA; (3) that Plaintiff can perform the essential functions of a cashier with a reasonable accommodation; and (4) that Defendants failed to make a reasonable accommodation. Additionally, Defendants argue that Plaintiff did not engage in the interactive process, which precludes her ADA claim. [Entry #83 at 14]. Although these are often legal determinations for the court, the facts are not developed enough at this stage for the court to make a legal determination on these issues. Additionally, Plaintiff has the burden of proof of presenting the prima facie case and the court finds that she has failed to do so at this stage in the litigation. Therefore, it is recommended that Plaintiff's motion for summary judgment be denied.

III.  Conclusion

For the foregoing reasons, the undersigned recommends the district judge grant Lane's and Hammond's motions to dismiss [Entry #67, #73] and deny Plaintiff's motion for summary judgment [Entry #71].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 25, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).