IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Susan Woodard, ) | C/A No. 0:12-446-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Levert Lane, Aldi Incorporation, and ) | |
| Brian Hammond ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On February 16, 2012, Plaintiff Susan Woodard ("Plaintiff"), *pro-se*, filed this action against Defendants Levert Lane ("Lane"), Aldi Incorporation ("Aldi"), and Brian Hammond ("Hammond") pursuant to (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and (2) the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.* Dkt. No. 1. Plaintiff alleges discrimination based on national origin and disability. Defendant Lane filed a motion to dismiss on July 13, 2012 (Dkt. No. 67), and Defendant Hammond filed a motion to dismiss on July 18, 2012 (Dkt. No. 73). Plaintiff filed a motion for summary judgment on July 13, 2012 (Dkt. No. 71).

The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2), D.S.C., and which was filed on October 25, 2012. Dkt. No. 95. The Report recommends that the court grant Defendants Lane and Hammond's motions to dismiss for failure to effect service of process and because there is no individual liability under Title VII. *Id.* The Report also recommends that the court deny Plaintiff's motion for summary judgment because it is premature as substantial discovery has not been completed and issues of material fact exist.

The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* None of the parties have filed objections to the Report, which were due on November 13, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference with one exception.[1] For the reasons set forth therein, the court grants Defendants Lane and Hammond's motions to dismiss and denies Plaintiff's motion for summary judgment.

---

[1] The court notes a typographical error on page 8 of the Report. In the second to last sentence of the first paragraph on page 8, the Report states that " . . . the undersigned recommends summary judgment be granted . . . ." Dkt. No. 95 at 8. Consistent with the remainder of the Report, that sentence should read " . . . the undersigned recommends summary judgment be denied . . . ."

This matter is again referred to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                                              S/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 21, 2012